**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| **KENNETH A. MCCREADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 03-2117 |
| | ) | |
| **EBAY, INC.,** | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

In July 2003, Plaintiff Kenneth McCready filed a Complaint and Demand for Jury Trial (#1) against Defendant eBay, Inc., Squaretrade.com, Inc., Billpoint, Inc., Tennelle Begley, Randy Patterson, Keith A. McIntyre, Jane Doe debbeo [(*sic*)], John Doe, Bruce Kamminga, Don Cox, and John Doe 1 through John Doe 100. In March 2004, Plaintiff filed a First Amended Complaint and Demand for Jury Trial (#5), terminating Defendant Jane Debbeo and adding Defendant Deborah Rush. Plaintiff alleges federal and state law claims relating to his interactions with eBay, an internet auction service. Federal jurisdiction arises in this suit based on federal question (28 U.S.C. § 1331) because several of the claims allege violations of federal law.

In May 2004, Defendant eBay filed a Motion To Dismiss or, in the Alternative, for Stay of Case Pending Appellate Review (#12). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to the authority conferred to me by 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss or, in the Alternative, for Stay of Case Pending Appellate Review **(#12)** be **DENIED**.

**I. Background**

Plaintiff's amended complaint consists of fifteen counts and eighty-two pages. He alleges claims based on the Electronic Fund Transfer Act (15 U.S.C. § 1693m, *et seq.*); the Fair Debt Collection Practices Act (15 U.S.C. § 1692k); the Fair Credit Reporting Act (15 U.S.C. § 1681i(b-c)); the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1

*et seq.*); tortious interference with prospective economic advantage; defamation; tortious interference with prospective economic advantage; breach of contract; invasion of privacy and breach of contract; bad faith insurance claim denial; conversion; fraud; and civil conspiracy.

## II.  Standard

When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the claims, and draw all reasonable inferences in the light most favorable to the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Discussion

Defendant eBay argues that the Court should dismiss the complaint because Plaintiff failed to serve eBay within 120 days as required by Federal Rules of Civil Procedure 4(m).  In the alternative, Defendant contends that the Court should stay the proceedings pending review of Plaintiff's state court case by the Illinois Appellate Court.

### A.  Plaintiff's Failure To Serve

Defendant first contends that the Court should dismiss the claim because Plaintiff failed to serve eBay with the original complaint.  Defendant refers to Rule 4(m) which provides, in pertinent part, as follows:  "If service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."  FED. R. CIV. P. 4(m).

With the Court's permission, Plaintiff filed an amended complaint in March 2004.  In April 2004, a summons was issued as to Defendant eBay and returned to Plaintiff.  Accordingly, Plaintiff has cured the failure to serve eBay.

### B. Motion To Stay

In the alternative, Defendant asks the Court to stay the case in federal court pending the outcome of a case that Plaintiff previously filed in state court (*McCready v. eBay, et al.*, No. 2002L48). *See Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995), citing *Colorado River Water Conservation Dist. v. United States*, 515 U.S. 277 (1995). The Iroquois County circuit court dismissed that case in its entirety in November 2003, and Plaintiff has appealed the dismissal. Defendant contends that Plaintiff has made allegations in the federal action that are virtually identical to those he alleged in his state court case and that resolution of Plaintiff's Illinois state court action may raise issues of collateral estoppel and *res judicata*. As a result, Defendant asks the Court to stay the federal proceedings at this time.

Plaintiff's state case alleged claims of unauthorized practice of a collection agency, unauthorized practice of insurance business, and unauthorized practice of an internet auction listing service, among other claims. Each of those claims focused primarily on Plaintiff's failure to register with the appropriate state licensing organization. In contrast, Plaintiff's federal claims related to debt collection, operating an insurance business, or operating an internet auction listing service focus on Defendant's purported violation of substantive provisions of federal laws regulating those areas. The resolution of the state claims regarding eBay's purported failure to register or obtain appropriate licensing would not effect the outcome of the federal claims.

Defendant has not provided any information as to what particular allegations in the two cases it believes to be identical. After reviewing the complaints filed in this case and in the state court case, the Court recommends denying the motion to stay Plaintiff's federal suit.

### IV. Summary

For the reasons set forth above, this Court recommends **DENYING** Defendant eBay's Motion To Dismiss or, in the Alternative, for Stay of Case Pending Appellate Review **(#12)**. The parties are advised that any objection to this recommendation must be filed in writing with the

clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 16th day of September, 2004.

> s/ DAVID G. BERNTHAL
> U.S. MAGISTRATE JUDGE

H:\Inbox\rec\2004\mccready v ebay.03-2117.mtd#12.R&R.wpd